UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN E. PESKOFF,<br>    Plaintiff,<br><br>              v.<br><br>MICHAEL A. FABER,<br>    Defendant. | Civil Action No. 04-526 (HHK/JMF) |

PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(7), and in the interest of protecting information of the parties and non-parties from improper disclosure, the undersigned hereby stipulate, subject to approval and entry by the court, to the following Protective Order:

1. "Confidential information" shall be defined as: a) any trade secret, or other confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(7), of a party or protected person that, if disclosed, would materially affect the party or protected person's business, commercial, or financial interests; or b) any financial information of a party or protected person, including tax, salary, or bank account information, that, if disclosed, would prove materially damaging to that party's or person's reputation or invasive of his or her privacy.

2. A "protected person" shall be defined as any non-party who voluntarily or in response to discovery in this action produced or produces any information to any party in connection with this action.

3. Any document, deposition testimony, deposition transcripts and exhibits, or other

response to requests for information produced in response to discovery requests in this action may be designated by any party or protected person as "confidential," to the extent that such information constitutes confidential information as defined above.

4. A party that has previously produced information to another party in connection with this action, whether voluntarily or in response to a discovery request, may designate such information as confidential. A party shall make confidentiality designations for documents and information within ten days of the entry of the confidentiality order, and in the meantime, parties shall treat all material as confidential. However, the previous disclosure of materials not heretofore designated as confidential shall not be actionable, provided that no additional disclosure of those materials occurs in violation of the confidentiality order.

5. Information and documents previously produced by a protected person to a party in connection with this action shall be treated as if designated confidential, unless and until the person submitting the information authorizes disclosure.

6. A party or protected person may designate as confidential any information it hereinafter produces, either voluntarily or pursuant to discovery in this action, to any party in connection with this action.

7. Confidential documents and information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action and shall not be used or employed for any other purposes whatsoever. Confidential information shall not be disclosed or made available to anyone except:

    (a)    the Court;

    (b)    the parties to this action, and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action (including, but not limited to any mediation, arbitration, or other settlement process, as well as appeals of this action);

    (c)    counsel for the parties to this action and employees of said counsel;

    (d)    experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or serve as expert witnesses at the trial of this action;

    (e)    third-party witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

    (f)    court reporters engaged to record depositions, hearings, or trials in this action.

8.    Disclosure of Confidential Information pursuant to this Agreement shall be handled as follows:

    (a)    Any person described in subparagraphs 7(a), (b), and (c) of this Agreement is bound by the provisions of this Agreement without the necessity of executing a confidentiality agreement;

    (b)    Any person described in subparagraph 3(f) of this Agreement is bound by the provisions of this Agreement without the necessity of executing a confidentiality agreement if he or she notes his or her agreement on the record;

    (c)      Before Confidential Information is disclosed to any person set forth in subparagraphs 7(d) and (e) of this Agreement, the party disclosing the information shall inform the person to whom the disclosure is to be made, in writing, at least five (5) days in advance, that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit "A"; and

    (d)      As long as Confidential Information is handled in accordance with this Agreement, this Agreement shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding.

9. If a party or witness wishes to designate any portion of a deposition as Confidential Information, the party or witness seeking the designation shall notify the court reporter and opposing counsel of record within 30 days after the deposition that such party or witness intends to designate certain portions of the deposition transcript as Confidential Information.  The designating party or witness shall have 30 days after receipt of the transcript to designate portions of the transcript as Confidential Information and inform counsel of record in writing of such designation.

10. Nothing in this Agreement shall prevent the disclosure of Confidential Information beyond the terms of this Agreement if the party or witness who

produced the information consents in advance in writing.

11. This Agreement shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Agreement.

12. If any party hereto disagrees with the designation of any discovery materials as confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Agreement unless and until the Court issues a final ruling that the material is not of a confidential nature.

13. This Agreement shall remain in effect during the pendency of this case and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

14. The parties agree to return to counsel of record producing such documents, not later than 30 days after the termination of this litigation, including appeals, any and all documents and copies thereof in their possession or control containing information which is the subject of this Agreement.

**APPROVED AND SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: July 22, 2005