UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN E. PESKOFF,

Plaintiff,

v.

MICHAEL A. FABER,

Defendant.

Civil Action No. 04-526 (HHK/JMF)

ORDER

This case was referred to me for resolution of discovery disputes. On November 8, 2005, I granted <u>Plaintiff's Motion to Renew Motion for Telephonic Conference Prior to Filing Motion to Compel Discovery</u> ("Pl.'s Mot. for Tele. Conf."), in which plaintiff requested a telephonic conference regarding two discovery disputes. The requested conference was held on November 9, 2005. Based on the parties' representations in that conference, the court determined that the parties will not be able to resolve their disputes without further intervention. Accordingly, the parties are, hereby, **ORDERED** to submit briefs, the perimeters of which are provided herein, regarding their respective positions on the two discovery disputes.

I.   PERIMETERS OF THE BRIEFS

   A.   Plaza Street's Financial Documents

Plaintiff served a subpoena *duces tecum* on Plaza Street Holdings, Inc. ("Plaza Street"), seeking its financial statements, books of account, and corporate tax returns. Plaintiff argues that these documents are relevant to a central issue in this case, the transfer of funds from NextPoint

Management Company, Inc. to Plaza Street.  Specifically, plaintiff wants to know how Plaza Street recorded or otherwise characterized those monies.  In response, defendant argues that plaintiff's subpoena is intrusive, seeking documents from a third-party that have nothing to do with the NextPoint entities, the entities involved in the present lawsuit.

The court recently touched upon this issue in its order resolving <u>Defendant's Motion for a Protective Order Concerning Plaintiff's Subpoena to United Bank for Defendant's Personal Bank Records</u>, in which plaintiff sought production of the financial records of defendant and the various NextPoint entities. <u>Peskoff v. Faber</u>, 230 F.R.D. 25, 28-30 (D.D.C. 2005).  In its order, the court held that, "[u]ntil a persuasive argument is made based on a review of the NextPoint entities' financial records, the Court will not order the production of defendant's personal account information." <u>Id.</u> at 29.  In addressing each of plaintiff's arguments as to why it needed defendant's personal financial information, the court repeatedly explained that the information sought could be ascertained by examining the accounts of the NextPoint entities and "the defendant-affiliated consulting companies" and, therefore, defendant's financial information was not necessary. <u>Id.</u> at 29-30.  At that time, the discoverability of "the defendant-affiliated consulting companies," which includes Plaza Street, was not before the court.  However, the discoverability of such records is now before the court pursuant to the present dispute.

In order to resolve the present dispute, the court needs to know the following from the plaintiff: (1) what, exactly, plaintiff believes Plaza Street's financial documents will reveal and how that information is relevant to the claims and defenses raised in the lawsuit; and (2) what Plaza Street financial documents he wants produced.  In addition, the court needs to know the following from defendant: (1) why defendant believes Plaza Street's financial documents are not

relevant to the claims and or defenses in this case; and (2) why it would be unduly intrusive to require the production of those documents.

### B. Emails From Plaintiff's Computer

Second, plaintiff claims that defendant has failed to produce certain emails in response to plaintiff's document requests. In particular, plaintiff claims that, although "[d]efendant has produced computer disks containing documents and emails that were on [p]laintiff's computer while he worked at NextPoint . . . , [d]efendant has failed to produce certain categories of emails that were sent or received by [p]laintiff during certain time frames." Pl.'s Mot. for Tele. Conf. at 3. In order to resolve this issue, the court needs to know from plaintiff exactly what categories of emails he wants produced and why he believes he is entitled to such emails. The court needs to know from defendant why he believes plaintiff is not entitled to such emails.

## II. CONCLUSION

In accordance with the above, it is, hereby, **ORDERED** that plaintiff file his brief, not to exceed ten pages, by November 21, 2005. It is further **ORDERED** that defendant shall have until November 30, 2005 to file his opposition, also not to exceed ten pages.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: _____