UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN E. PESKOFF,

    Plaintiff,

    v.

MICHAEL A. FABER,

    Defendant.

Civil Action No. 04-526 (HHK/JMF)

**MEMORANDUM OPINION**

On September 2, 2005, plaintiff Jonathan Peskoff submitted a motion for clarification regarding the appropriate scope of the deposition of non-party Mark Levine. Upon consideration of the motion and opposition and for the reasons stated herein, Plaintiff's Motion for Clarification of Scope of Levine Deposition [#41] will be granted.

**BACKGROUND**

On November 15, 2004, plaintiff served a subpoena *duces tecum* and *ad testificandum* on non-party Mark Levine for all documents and testimony relating to the prior action Seynhaeve et al. v. Plaza Street Holdings, Inc. and Michael Faber, which was brought on June 14, 2000 in the United States District Court for the District of Maryland. Peskoff v. Faber, 230 F.R.D. 25, 30 (D.D.C. 2005). Defendant responded to the subpoena by moving the Court for a protective order based, in part, on the assertion that the information sought was already "the subject of a strict confidentiality agreement." Id. at 31. On July 22, 2005, this Court denied defendant's motion for a protective order, finding that the requested discovery was relevant to plaintiff's fraud and

Civil RICO claims. Id. at 32. However, the Court instructed Levine not to provide any information regarding the Seynhaeve litigation that is protected by a court-ordered, court-approved, or privately stipulated confidentiality agreement. Id. At the time the opinion was issued, the Court did not know the nature or terms of the confidentiality agreement at issue and, therefore, made no determination as to whether the subpoenaed information was in fact protected by the agreement.

Plaintiff has now moved this Court to clarify its July 22, 2005 order because a dispute has arisen regarding whether the confidentiality agreement prohibits Levine from testifying about the Seynhaeve litigation.

## DISCUSSION

Defendant Faber and Mr. Levine settled the Seynhaeve litigation out of court, pursuant to a "Confidential Settlement Agreement, Consent to Mutual Release and Covenant Not to Sue" ("confidentiality agreement") dated August, 2000. Plaintiff's Motion for Clarification of Scope of Levine Deposition ("Pl.'s Mot.") at 2. There is no evidence that the agreement was ordered, approved, or entered by the Maryland District Court, id., leaving this Court to conclude that the agreement was privately stipulated. The agreement contained the following confidentiality provision:

> 8. CONFIDENTIALITY: The Limited Partners hereby expressly acknowledge and agree that confidentiality is a critical element of this Agreement. The existence of this Action, the allegations in the Complaint or otherwise related to this Action, and the terms and conditions of this Agreement are intended to be kept strictly confidential and shall not be disclosed by any Limited Partner other than Michael Faber to any third party except: . . . (b) *when required by law*, except that any Limited Partner who receives a legal demand for information concerning this Action or Agreement shall give reasonable notice to Michael Faber before disclosing any

information concerning this Action or Agreement . . . .

Defendant's Memorandum in Opposition to Motion for Clarification of Scope of Levine Deposition ("Def.'s Opp'n") at 3 (emphasis added). The specific issue raised by this provision is whether testimony, compelled by receipt of a subpoena, is "required by law." Defendant argues that the "mere receipt of a subpoena . . . does not automatically require Mr. Levine to disregard the terms of his agreement." Id. at 4. He further asserts that Levine is required to "maintain confidentiality until a Court orders him to do otherwise." Id. Plaintiff responds that "the subject subpoena, which requires production and testimony upon pain of contempt, is clearly sufficient to trigger disclosure 'required by law,' such that Mr. Levine can freely provide the information sought without breaching the agreement." Pl.'s Mot. at 4.

The confidentiality provision plainly allows Levine to comply with the subpoena *duces tecum* and *ad testificandum* without breaching the agreement. The provision specifically allows the disclosure of subject information "when required by law." The subpoena for Levine's testimony is a legal demand sufficient to invoke the exception contained in Section 8(b) of the confidentiality agreement. "It is well established that a subpoenaed witness testifies pursuant to legal process." Reiser v. West Co., Civ. A. No. 88-0334, 1988 WL 35916, at *1 (E.D. Pa. April 14, 1988) (holding that testimony was not barred by a privately stipulated settlement agreement and court orders entered in the previous case where the confidentiality agreement provided for disclosure "pursuant to legal process"). Even where a party to a privately stipulated settlement agreement instigates a subsequent lawsuit and seeks the disclosure of subject information, compliance with a subpoena is required where the agreement excepts disclosure that is "required by law or judicial or administrative process or regulation." Marine Midland Realty Credit Corp.

v. LLMD of Michigan, Inc., 821 F. Supp. 370, 373 (E.D. Pa. 1993).

## CONCLUSION

For the forgoing reasons, this Court is convinced that the confidentiality provision does not preclude Levine's production of the requested documents and testimony and, therefore, plaintiff's motion will be granted.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: